Jesse Alin COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 42055.

Court of Criminal Appeals of Texas.

June 18, 1969.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Daniel L. McCairns, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of one hundred fifty dollars.

Appellant contends in his only ground of error that the pistol was obtained as the result of an illegal arrest and search. Officers Sledge and Cokerham of the Houston Police Department received a call over the police radio about midnight that a colored man about thirty years of age, wearing a light colored gray suit, had a pistol and was creating a disturbance at Houston General Hospital. The officers went to the hospital and saw a man fitting the description that they had received walking toward the only car on the parking lot. Officer Sledge called for the man to stop. He did not do so, but got in the car and started the engine. Officer Sledge walked behind the car to prevent his leaving. He told the officers his name was Jesse Cox. As Cox stepped from the car Officer Sledge noticed a "heavy bulge" on his pocket. He arrested Cox and found a loaded .22 caliber pistol and approximately half a box of .22 caliber ammunition in his pocket.

The testimony further shows that this was a small general, and not an emergency, hospital; that the front doors were kept locked at that time of night.

The evidence shows that the officers had no search warrant or warrant of arrest for Cox.

The arrest was authorized by Article 487, Vernon's Ann.P.C., which provides that any peace officer may arrest without warrant any person for unlawfully carrying arms. Any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some reliable person shall be fined not exceeding five hundred dollars.

Article 14.03, Vernon's Ann.C.C.P., (1965), as amended in 1967 by the 60th Legislature at page 1735, reads:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

This statute and Sanchez v. State, Tex. Cr.App., 438 S.W.2d 563, authorize the arrest or detention and the subsequent search. The evidence was not inadmissible for want of a warrant.

In the Sanchez case, an officer overheard a radio conversation between other officers and started looking for that type of vehicle described in the conversation. He saw the tail lights of a vehicle and then a white station wagon parked at the side of a motor freight warehouse in Fort Stockton at about 1:30 A.M. As the officer approached he saw two men hurrying to get into the station wagon. He stopped the two men from driving away. He asked the occupants of the station wagon what they were doing at the warehouse at that time of morning and received no answer. The officer had the men get out of the station wagon and searched them for weapons. There was something in Sanchez' pocket that felt like a paper, and as the officer put his hand in the pocket Sanchez threw the package which contained marijuana over the station wagon. Sanchez was convicted for possessing marijuana and this court affirmed.

Taking into consideration the previous information received, the detention or ar-

rest when the officers saw the "heavy bulge" in the front pocket of Cox after he got out of his automobile was authorized by the decision of the Supreme Court of the United States in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).[1] There in the daytime an officer made a search for weapons without any previous information about an offense or description of any suspect. The officer saw Terry and Chilton standing at a street corner in Cleveland. These men walked up and down the street several times and were later joined by another. The officer suspected the two men were " 'casing a job, a stick-up' ". He stopped the men and patted them down for weapons and found a pistol in Terry's pocket. Terry was convicted for carrying a concealed weapon. The Supreme Court noted that the trial court held there was not probable cause for the arrest, but the officer had reasonable cause to believe that Terry and Chilton were conducting themselves suspiciously and that some interrogation should have been made of their action, and the opinion stated:

"\* \* \* Purely for his own protection, the (trial) court held, the officer had the right to pat down the outer clothing of these men, whom he had reasonable cause to believe might be armed. \* \* \* The frisk, it held, was essential to the proper performance of the officer's investigatory duties, for without it 'the answer to the police officer may be a bullet, and a loaded pistol discovered during the frisk is admissible.' " [2]

Terry's conviction was upheld in an opinion by Chief Justice Warren who stated:

"\* \* \* where he (the officer) has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a

crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger."

The court further held the search was not unreasonable under the Fourth Amendment, and the weapon seized was properly admitted in evidence.

Appellant's contention that the arrest and the subsequent search were illegal is overruled.

The judgment is affirmed.

---

1. See also Sibron and Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

2. The case was affirmed by a Court of Appeals in State v. Terry, 5 Ohio App.2d 122, 214 N.E.2d 114. The Supreme Court of Ohio dismissed the appeal.