**Louis GONZALES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43820.**

Court of Criminal Appeals of Texas.

June 2, 1971.

John J. Browne, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Rick Stover, Asst. Dist. Attys.,

Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the possession of heroin with the punishment being assessed by the jury at 28 years.

In his first three grounds of error appellant contends the trial court erred in overruling his motion to suppress and in finding probable cause for his arrest, and in holding the resulting search valid.

The record reflects that at approximately 7:45 p. m. on March 22, 1969, Houston Police Officers Albert and Collins received information from an informer at "75th and Navigation" who had given reliable information in the past concerning narcotics. The informer told them that in a very short time a Latin American male by the name of Louis Gonzales would be in the vicinity of Navigation and North Drennan streets driving a red 1961 Chevrolet station wagon and that he would have heroin in his possession for sale; that he would be in that vicinity for a short time only. The license number of the station wagon was also given.

Knowing they did not have time to secure a warrant of arrest, the officers proceeded to the intersection named. A half block therefrom they observed a red 1961 Chevrolet station wagon bearing the license number given traveling on North Drennan and crossing Navigation Street. The officers pulled alongside the station wagon, held out an I.D. card and told the driver to stop as they were police officers. The officers finally stopped the car by pulling in front of it. The appellant, Louis Gonzales, was the driver. A search of his person revealed nothing, but in the station wagon a bent Jax beer can was found which contained part of the heroin later introduced at the trial. The appellant was then given his "Miranda" warnings. See Article 38.22, Vernon's Ann.C.C.P. After stating he

understood the warnings, the appellant was asked if he had other narcotics and the appellant replied he had more at his home and he would take the officers there to get it. The officers proceeded to the appellant's home where he led the way to a back bedroom and reached under a bed retrieving a shoe box which he handed to the officers and which was shown later to contain heroin. Before this time, the officers had no knowledge of the location of such heroin.

Rangel v. State, Tex.Cr.App., 444 S.W.2d 924, and Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921, are somewhat similar cases with regard to the original arrest. In finding probable cause there, this Court cited Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, and quoted from United States v. Acosta, 5 Cir., 411 F.2d 627.

■ As in Acosta, the instant case is of the Draper type. At the time of the interception every fact stated by the informer, except the presence of the narcotic, was verified. The arrest and search followed. In addition, as in Acosta and Draper, ample evidence of the informer's reliability was shown, the arresting officer having testified to the previous experience with the informer and his reliability in those instances. Under these circumstances, Almendarez v. State, supra, fully answers appellant's contention that the probable cause was insufficient since there were no underlying circumstances for the informer's conclusion that the appellant would have narcotics.

We conclude that there was probable cause for the warrantless arrest of the appellant and the search incident thereto was valid.

We further conclude that the warrantless search of the automobile could be justified on the basis of probable cause to search as well as incident to a valid arrest. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. On the basis of the information which the officers received, they had ample cause to stop the red 1961 Chevrolet station wagon bearing the license number given and being driven by a Latin American male. Just as obviously as there was probable cause to arrest the occupant of the station wagon, there was also probable cause to search it for heroin. Chambers v. Maroney, supra. See also 26 L.Ed.2d 893, "Validity Under Federal Constitution of Warrantless Search of Automobile, Supreme Court Cases."

■ Next, appellant contends the court erred in admitting into evidence fruits of the warrantless search of appellant's house since no valid consent for such search had been given. We do not agree.

After his arrest appellant was given the "Miranda" warnings, and after stating he understood the same, he told the officers he had more narcotics at his home. At his residence he led the way to the back bedroom and handed to the officers other quantities of heroin. It does not appear from the record that such heroin was recovered by the result of any search; it was seized after the appellant had shown the same to the officers.

■ A waiver of constitutional immunity from unreasonable search and seizure cannot be inferred from the mere act of an accused in admitting police officers in compliance with a request for an interview, etc. Robertson v. State, Tex.Cr.App., 375 S.W.2d 457; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; LeBlanc v. State, Tex.Cr.App., 424 S.W.2d 434; Jackson v. State, Tex.Cr.App., 449 S.W.2d 279, 281.

Here that rule has no application where, under the circumstances described, the appellant gives an oral confession and consents to lead the officers to the fruits of the crime located in a bedroom of his home, and the officers seize only that actually handed to them, then in plain sight and open view, and do not recover the same by result of any search. LeBlanc v. State, supra, page 436, and cases there cited. Jackson v. State, supra; Lewis v. State, Tex.Cr.App., 439 S.W.2d 351.

If this record can be interpreted in any way to show that part of the heroin introduced at the trial was recovered as a result of a search of appellant's house, we conclude that the evidence is sufficient to show consent for such search by the appellant as the trial judge so found in specific findings following a hearing on the motion to suppress. We reject out of hand appellant's contention that no valid consent to search may be given merely because the accused is under arrest.

Still further, the appellant complains of the admission of the oral confession. It appears the same was taken in compliance with Article 38.22, supra, and the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Lee v. State, Tex.Cr.App., 428 S.W.2d 328; Robinson v. State, Tex.Cr.App., 441 S.W.2d 855. The hearing on the motion to suppress was used to supply the requirements of a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 hearing, and of Article 38.22, V.A.C.C.P., as to the oral confession. We find nothing in the findings of fact and conclusions of law filed to support any claim that the court used improper standards in determining the admissibility of the oral confession.

In his two remaining grounds of error appellant complains of the trial court's failure to charge or instruct the jury at the guilt stage of the proceedings as to "the findings they must make before they could consider the oral confession" or the fruits of the search at appellant's house without first determining there was a consent to search.

Assuming there was sufficient evidence before the jury to raise such issues, we find no objections made nor special charges requested in accordance with Articles 36.14 and 36.15, V.A.C.C.P. Therefore, nothing is presented for review. Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Walling v. State, Tex.Cr.App., 437 S.W.2d 563; Robinson v. State, Tex.Cr.App., 441 S.W.2d 855.

At the penalty stage of the trial appellant personally testified that he had been selling the heroin involved for a man whom he knew only as "Joe" and who would give him telephone directions where to pick up and deliver the narcotic drug; that he was not an addict or user of narcotics but was only interested in the fast money.

The judgment is affirmed.