**Ruben Reyes MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45788.**

Court of Criminal Appeals of Texas.

April 4, 1973.

Clyde W. Woody and Marian S. Rosen, Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell and Robert N. Burdette, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The conviction was for unlawful possession of heroin, a narcotic drug; punishment was assessed at twenty-five years.

The record of the proceedings in the presence of the jury reflects the following State's evidence.

About 10:00 p. m. on February 1, 1971, appellant was observed by D. D. Collins, a narcotics officer of the Houston Police Department, as he came from Room 10 of the Beacon Motel in Houston. He walked from the motel room to his car which was in a parking lot outside the motel. There were other narcotic officers with Collins. Two women were in the car at the time, Mary Rohaas in the front seat and Genevieve Harkness in the back. The officers watched appellant as he walked to his car and got in on the driver's side. Collins and another officer approached appellant, told him he was under arrest, and asked him to get out of the car. He did so, and the officers searched him. A pistol was found in the waist band of his trousers. Six loaded bullets were in the clip. Some white powder was found in a prophylactic container in appellant's right front pants' pocket. This powder, on examination by a qualified chemist, was 24.7 grams of 14% pure heroin.

Much other evidence appears in the record, some of which will be discussed in considering appellant's grounds of error.

■ Appellant contends in his first two grounds of error that the information given by the informant did not reveal the underlying circumstances upon which the informant based his information, and was therefore insufficient to provide probable cause for the warrantless arrest and search of appellant. He argues that the court therefore erred in allowing the introduction of evidence secured as a result of the arrest and search.

Prior to the case going to trial, appellant filed a motion to suppress all statements and evidence secured as a result of any illegal arrest, search and seizure. A hearing was had on this motion on the day prior to the start of the jury trial. D. D. Collins of the Houston Police Department, Narcotics Division, received information from an informer from whom he had on prior occasions received information which had always proved true and reliable, and who was a credible person. The informer told him that appellant would be at the Beacon Motel in Room 10 with heroin in his possession and that he would be leaving very shortly. Genevieve Harkness would be with him. The informer gave Collins the description and license number of the car appellant and Genevieve Harkness would be travelling in. Collins said he was at the time he received this information five miles from the police station, and only one-half mile from the Beacon Motel, and that he did not have time to secure a warrant to arrest and search appellant.

Collins and other officers proceeded to the Beacon Motel. They had no search or arrest warrant for appellant. When they arrived at the Beacon, they observed the car concerning which they had received the information parked in No. 10 space, the car having the same license number and appearance as described by the informant to Collins. Two women were sitting in the car, Mary Rohaas in the front and Genevieve Harkness, the name given Collins by the informer, in the rear. The officers observed appellant leave Room 10 and approach and enter the car. They testified that they then identified themselves as peace officers, told appellant to get out of the car, and arrested him. The officers searched appellant, and found a pistol in the waist band of his trousers with six bullets in the clip. They also found a prophylactic container in his right front pocket containing some white powder which proved to be approximately 24.7 grams of 14% pure heroin.

Collins testified:

"Q. But, as I understand your testimony, you arrested a Mr. Mendoza and the search of his person was based upon information that you received from the credible informant, is that correct?

"A. That's correct."

Evidence was introduced by appellant at the hearing contradicting the testimony of the officers in many respects. Appellant denied possession of any heroin, and contended that it was planted on him by one of the officers. A fact issue was created, which the court settled when he overruled the motion to suppress.

Appellant in his brief cites many cases, Federal and State, in support of his contention urging the lack of probable cause for the arrest and search of appellant due to the absence of sufficient underlying facts showing the reliability and credibility of the informer.

Collins testified of his having had former dealings with the informer, and that he had always found his information to be true and reliable. He described appellant's car and gave its license number. He stated just where appellant would be, and who would be with him. The informer further stated appellant would be leaving very shortly. Collins realized that he would not have time to secure a warrant for appellant's arrest. At the point of interception, all of the informer's information, except the presence of heroin, proved to be correct, and the circumstances established his reliability and credibility.

The contentions of appellant have been decisively answered by this Court in Rangel v. State, Tex.Cr.App., 444 S.W.2d 924; Almendarez v. State, Tex.Cr.App., 460 S. W.2d 921; Coyne v. State, Tex.Cr.App., 485 S.W.2d 917; Harris v. State, Tex.Cr. App., 486 S.W.2d 88, and other cases cited in the opinions in those cases. From Almendarez, we quote as follows:

"It is here observed that Officer Chavez had received previous reliable information from the informer and there were therefore underlying circumstances as to the officer's conclusion that the informer was credible and his information reliable. It is true that Officer Chavez testified he did not ask the unidentified informer how he knew the marihuana was where he said it was. He was not told by the informer that the informer had personally observed the contraband or had received the information from someone else. The informer did describe the automobiles with particularity, including the license numbers, and knew that the marihuana was contained therein and where the appellant and his companion would be, and was himself only a few blocks from such vicinity. There would appear to be some indication that the informer spoke with personal knowledge or had gained his information in a reliable way. At the point of interception every fact related by the informer except the presence of marihuana was verified. The arrest and search followed.

"It appears that this case is controlled by Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 . . .'"

The opinion then copies from United States v. Acosta, 411 F.2d 627 (5th Cir.) as follows:

"'The instant case is of the *Draper* type. Here there was only a general description of the defendant but a specific description of the vehicle including the license number. The first tip from the informant was that the heroin would be smuggled but he was not certain as to the delivery point. The next tip, some two or three hours later, confirmed the delivery and the route of travel. This resulted in the agent being on the lookout on a specified route for a vehicle of specific description being driven by a young Mexican male. At the time of in-

terception every fact stated by the informer except the presence of the heroin was verified. The arrest and search followed. This was the precise case in *Draper*. In addition, here as in *Draper*, there is ample evidence of the reliability of the informer, the agent having testified as to previous use of the informer and of his reliability in those instances.' "

There was a sufficient showing of probable cause in the present case. The first two grounds of error are overruled.

■ Appellant's third ground is that the court erred in permitting hearsay testimony before the jury on the issue of probable cause, that not being a jury issue.

In a supplemental brief, appellant indicates the testimony referred to in this ground of error as follows:

"Officer Collins further testified as to information which he had received from an unidentified informant, such testimony having been volunteered by Officer Collins upon cross-examination and no objection thereto having been taken by Appellant's Counsel (R. 168–169). On re-direct, the State questioned Officer Collins as to information received from the informant (R. 176–177)."

The record thus shows that appellant is basing his ground of error on testimony he introduced, and on evidence in explanation thereof to which there was no objection. This ground is overruled. 5 Tex.Jur.2d, Appeal and Error—Criminal, § 409 n. 9, p. 612.

■ Appellant's fourth ground asserts error in the failure of the court to declare a mistrial when one of the officers testified on cross-examination concerning marihuana being seized at the Harkness residence, this being proof of an extraneous offense committed by a third party.

The complained of testimony was brought out on cross-examination of the witness, when appellant inquired *why* the officers took appellant to the Harkness residence. The answer was:

"Q. Do you know why Mendoza was taken to the home of Genevieve Harkness?

A. Yes, sir.

Q. Why?

A. Well, because subsequent to the information that we had received and contained a search warrant, we knew that Ruben Mendoza had a large quantity of marijuana delivered to that address which was seventy pounds of marijuana that we knew it to be his, and we took him over there to that address in wrapping up the case so to speak."

Thereupon, in the absence of the jury, the appellant moved for a mistrial because of prejudicial evidence. No error is shown to the action of the court in overruling the motion for a mistrial.

■ The fifth ground claims prejudicial error as the result of several inquiries by the district attorney of witnesses concerning the marihuana seized at the Harkness house. On the only occasion on which appellant objected to any of such inquiries, the objection was sustained. No reversible error is shown.

■ In his sixth ground, appellant contends that it was reversible error to allow the State to attempt to introduce prejudicial and inflammatory evidence concerning some "keys which were seized from two persons in the motel room, thereby resulting in an improper collateral impeachment of a witness."

Ground of error No. 7 complains of the failure of the trial court to declare a mistrial when the State offered the evidence of the keys after it had previously introduced evidence on pre-trial that no evidence was secured as a result of the search of the room. These grounds of error have to do with evidence offered by the State

from its witness Officer Autrey for the purpose of impeaching the testimony of appellant's witnesses, Mr. and Mrs. Luna of Laredo. The testimony of these witnesses was in contradiction to that of the officers as to events occurring in Cabin 10 when the officers brought appellant in the room and searched it. The State apparently was trying to impeach the testimony of the Lunas, and to show that they had some connection with appellant. The officer testified that some car keys found in Cabin No. 10, the Lunas' cabin, fit the car that was next to appellant's car.

After the witness had given this testimony without objection, the following colloquy occurred:

"THE COURT: You want to state your objection, Mr. McRae?

MR. McRAE: Yes, I would object to the testimony that's given here now as has not been preceded by the proper predicate. It's irrelevant, immaterial to the case and offers the defense no opportunity to cross examine the witnesses if this is an impeachment attempt by the prosecution. We move that the record be striken and the testimony of Officer Autrey at this time as to these facts that the jury be instructed to disregard this testimony in whole.

THE COURT: Objection is sustained. The Court at this time instructs the jury now that you're not to consider for any purpose in arriving at your verdict the testimony given here by Officer Autrey concerning any car keys or automobile at the premises on the occasion inquired about."

The court granted all the relief appellant requested.

No error was presented, and grounds of error Nos. 6 and 7 are overruled. Burks v. State, Tex.Cr.App., 432 S.W.2d 925.

■ Appellant's eighth ground of error reads:

"The Trial Court committed error in failing to grant a mistrial as a result of the improper testimony which was introduced or made known to the jury."

This ground of error is multifarious and not in compliance with Article 40.09(9), Vernon's Ann.C.C.P. Sierra v. State, Tex.Cr.App., 476 S.W.2d 285; Washington v. State, Tex.Cr.App., 484 S.W.2d 721. The only instances of such "improper testimony" discussed by appellant under this ground were those raised in other grounds, on which we have given our rulings.

The judgment is affirmed.

Opinion approved by the Court.