**Bonnie Jean HENNESSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–150–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 28, 1987.

Scott Ramsey, Houston, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

OPINION

JUNELL, Justice.

Bonnie Jean Hennessey appeals a felony conviction for possession of methamphetamine. After pleading nolo contendere, appellant was found guilty and sentenced by the court to two years incarceration. In a single point of error appellant contends the trial court erred in overruling her motion to suppress evidence obtained as a result of an unlawful arrest and search. We affirm.

Officer Nicholas C. Wilson of the Narcotics Division of the Houston Police Department received information that a person

known as "B.J." was in possession of and selling methamphetamine. This information was supplied by an informant, Jerry Scott, who had supplied police with reliable and credible information which led to the arrest of three persons several hours before the arrest of appellant.

Officer Wilson testified that the police asked Scott to set up a drug transaction. According to Wilson's testimony, Scott called appellant from the police station while Wilson listened on another extension. A female voice, consistent with appellant's voice, told the informant to drive to the area where she lived and contact her again. There was conflicting testimony at trial; Scott testified this call from the police station did not take place.

The informant showed the officers where appellant lived and pointed out the vehicle appellant drove. The officers drove Scott to an Exxon service station near appellant's apartment where Scott was instructed to call appellant and make arrangements for her to meet and sell him one-half ounce of methamphetamine. Officer Wilson and his partner, Officer McCallip, left to set up surveillance at appellant's apartment complex. The narcotics officers with Scott at the Exxon station informed Wilson and McCallip that Scott had made the phone call and that activity should occur shortly. About fifteen minutes later the two officers observed a woman who matched the informant's description of appellant leave the apartment under surveillance and get in the car pointed out by Scott. As she was driving toward the service station to meet Scott as arranged, appellant was stopped on the street near the Exxon station by a patrol car which had been notified by Wilson and McCallip. Officer Wilson testified that appellant appeared very nervous as she drove out of the parking lot of her apartment complex.

> She kept looking over her shoulder, looked out the window and through the rear-view mirror constantly. That's why we decided to stop her on the street

before she got into the Exxon station so that we knew we could secure her and secure the narcotics.

However, Officer McCallip testified that the patrol unit standing by was notified "that she was leaving the complex and to go ahead and get behind her and stop her." There is no testimony from this officer that appellant appeared nervous or that she was stopped because the officers feared appellant was about to escape.

When appellant got out of her car, Officer McCallip saw a ziploc baggie containing a powder on the floorboard. Appellant was handcuffed and placed in the patrol car. A female officer was summoned to search appellant, and a second baggie containing the powder was found in the patrol car where appellant had been sitting.

In her sole point of error appellant contends the arrest was illegal because it fails to meet the requirements for a warrantless arrest under the United States and Texas Constitutions and article 14.04., Tex.Code Crim.Proc.Ann. (Vernon 1977). Specifically, appellant argues there was no probable cause to arrest, no justification for not procuring a warrant, and no showing that appellant was "about to escape" as required under art. 14.04.[1]

■ The fourth amendment of the United States Constitution and article 1, section 9 of the Texas Constitution require the police to have probable cause to arrest a suspect. If the State can show probable cause existed at the time of the search or arrest as well as circumstances which made procuring a warrant impractical, the constitutional requirements are met and the warrantless search or arrest is justified. Probable cause exists where, at that moment, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information, would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a

---

1. Article 14.04 states:
Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

crime. *Brown v. State*, 481 S.W.2d 106, 110 (Tex.Crim.App.1972); *Lunde v. State*, 720 S.W.2d 251, 253 (Tex.App.Houston [14th Dist.] 1986, pet. ref'd); *Vasquez v. State*, 699 S.W.2d 294, 295 (Tex.App.— Houston [14th Dist.] 1985, no pet.). To determine whether probable cause exists, the court must look to the "totality of the circumstances." *Whaley v. State*, 686 S.W.2d 950 (Tex.Crim.App.1985); *See Angulo v. State*, 727 S.W.2d 276 (Tex.Crim.App.1987). Appellant has alleged a violation of her constitutional rights, but the record clearly indicates the police had ample probable cause for the arrest. The informant had proven reliable in the past, and the corroboration by the officers of appellant's vehicle, appellant's description, time of expected activity and direction of the vehicle provided a substantial basis for the officers to conclude there was probable cause to believe a felony was being committed. And once probable cause was established there was insufficient time to procure a warrant before stopping appellant's vehicle. We hold, therefore, that no Federal or State Constitutional violations exist in this case.

The laws of this State may impose greater restraints on police conduct than the Federal Constitution requires. *Milton v. State*, 549 S.W.2d 190, 192 (Tex.Crim.App.1977); *Kelly v. State*, 676 S.W.2d 646, 648 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). Texas statutes exclusively control any right to arrest a suspect without a warrant. Warrantless arrests are generally governed by Chapter 14 of the Code of Criminal Procedure. *Pope v. State*, 695 S.W.2d 341 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). Appellant maintains that if the arrest in the instant case can be justified under State law at all, it can only be done so under art. 14.04.

For a warrantless arrest to be valid under art. 14.04 there must be a showing the officer was acting upon satisfactory proof that the subject is "about to escape." *Fry v. State*, 639 S.W.2d 463, 476 (Tex.Crim.App.1982). The State maintains Officer Wilson's testimony of the nervous, furtive gestures of appellant, combined with the officer's experience, justified the belief that

appellant was about to escape, and that the "circumstances and time frame rendered it impractical for the officers to obtain a warrant."

Appellant contends the State failed to justify their failure to obtain a search or an arrest warrant. She maintains the timing of the investigation and entire operation was within the control of the police, and there was no evidence appellant was leaving town or would otherwise be unavailable. Appellant argues the police were in a position to obtain a warrant before surveillance of her apartment was begun.

Appellant further complains that the art. 14.04 requirement that she be "about to escape" was not met in order to justify her warrantless arrest. She maintains the police knew she would use her vehicle. The police had patrol cars in the area monitoring her movements, and she never strayed from the expected route to the Exxon station; in fact, she was stopped on the street just before she arrived at the station.

■ We find it is unnecessary to analyze this case on the basis of art. 14.04. Police officers are not required to shrug their shoulders and permit crime to occur or a criminal to escape. Circumstances short of probable cause for arrest may justify temporary detention for investigative purposes since an investigation is considered to be a lesser intrusion upon the personal security. To justify an investigative stop, an officer, in light of his experience and general knowledge, must point to specific and articulable facts which taken together with rational inference from those facts, warrant the intrusion on the person stopped for investigation. Reasonable cause for an investigative stop can be based on information supplied by third parties. *Ferguson v. State*, 573 S.W.2d 516, 522 (Tex.Crim.App.1978); *Shaffer v. State*, 562 S.W.2d 853 (Tex.Crim.App.1978); *Milton*, 549 S.W.2d at 193; *Albert v. State*, 659 S.W.2d 41, 43–44 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd).

■ In the instant case the police had reasonable cause to stop appellant based on the informer's information corroborated by the officers' own observations. Upon the discovery of the contraband in plain view of

the officers, circumstances had clearly ripened into probable cause for arrest, for the officers had witnessed a crime being committed in their presence. Tex.Code Crim. Proc.Ann. art. 14.01(b) (Vernon 1977).[2] The subsequent seizure of the methamphetamine was incident to the lawful warrantless arrest. *Milton,* 549 S.W.2d at 194.

Because the arrest was based on probable cause and satisfied the statutory requirements of article 14.01(b), we hold the court did not err in denying appellant's motion to suppress the evidence.

Furthermore, under these circumstances, if the trial judge concluded the officers had justification to arrest appellant upon stopping her, before seeing the baggie in plain view, that ruling would likewise be supported by the evidence in the record. An arrest of appellant would have been justified without a warrant under art. 14.-01(b). Under the facts related to the officers by the informant and corroborated by their observations, it was reasonable for the officers to conclude that appellant was committing the offense of possession of methamphetamine while within the officers' view.

Regardless of whether the art. 14.01(b) requirements were met just prior to stopping appellant or when the officers viewed the contraband, there obviously was insufficient time to procure a warrant once probable cause was established. The officers were not certain the drug transaction would even take place until the phone call from the Exxon station was made. By that time, the events happened too quickly for a warrant to be obtained prior to stopping appellant's car. *See Valerio v. State,* 494 S.W.2d 892 (Tex.Crim.App.1973); *Coyne v. State,* 485 S.W.2d 917, 918 (Tex.Crim.App. 1972).

Appellant's point of error is hereby overruled. The judgment of the lower court is affirmed.

---

**2.** Article 14.01(b) provides: A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.