John Lester RICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–250 CR.

Court of Appeals of Texas, Beaumont.

June 1, 1988.

Rehearing Denied July 20, 1988.

Discretionary Review Refused Oct. 19, 1988.

John D. MacDonald, II, Coleman, MacDonald & Fitch, New Caney, Clyde W. Woody, Houston, for appellant.

Wilbur Aylor, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of possession of a controlled substance, methamphetamine of less than twenty-eight grams. At punishment, the jury found the enhancement allegation true and sentenced appellant to forty-eight years in the Texas Department of Corrections.

In his first point of error, appellant maintains the methamphetamine and drug paraphernalia introduced at trial should have been excluded as the product of a warrantless arrest in violation of the fourth and fourteenth amendments to the United States Constitution. Appellant's motion to suppress alleged in general terms that his arrest and the search of his car were illegal. After presentation of evidence on the motion to suppress, however, defense counsel argued for suppression based not on appellant's warrantless arrest, but on the grounds that the warrantless search of the vehicle was illegal. Appellant may not predicate error in the trial court's overruling of his motion upon his own failure to call the motion to the court's attention. *See Hackbarth v. State,* 617 S.W.2d 944, 948 (Tex.Crim.App. [Panel Op.] 1981); *Pizzalato v. State,* 513 S.W.2d 566, 568–69 (Tex.Crim.App.1974).

At any rate, the evidence presented during the suppression hearing establishes the legality of appellant's arrest. The facts are as follows: On February 27, 1986, an undisclosed informant phoned Detective Charles Self at his home while he was off duty. The informant told Self appellant and three others were in possession of approximately two ounces of methamphetamine and would be leaving appellant's house in Montgomery County for Houston between 7:00 and 7:30 that morning to transact a drug sale. The informant told Self the methamphetamine was in a blue Crown Royal bag. He identified appellant by first and last names and described the car in which appellant and his associates would be travelling, including its license number.

Detective Self phoned for backup, dressed and went to appellant's residence to set up surveillance. Within fifteen minutes of Self's arrival, appellant, another man, and two women emerged from the residence. The other man was carrying a blue bag. All four got into the vehicle described by the informant and drove away. With the assistance of a patrol unit, Detective Self pulled the vehicle over, ordered its occupants out of the car, and

Mirandized them. He then searched the vehicle, finding the blue Crown Royal bag in the middle of the rear passenger seat. The bag contained what appeared to be methamphetamine, as well as drug paraphernalia, including baggies, vials, and syringes.

Officer Self's informant had supplied him with true and correct information regarding narcotics and burglary offenses on at least four previous occasions, thus establishing him to be a reliable informant. *Hicks v. State,* 545 S.W.2d 805, 808 (Tex. Crim.App.1977); *Jones v. State,* 640 S.W.2d 918, 920 (Tex.Crim.App. [Panel Op.] 1982). The informant told Self he had been inside the residence and observed the controlled substance there within the last twenty-four hours and described the bag the drugs would be in. The informant's tip was, therefore, not a mere conclusion but included details and circumstances from which the officer could reasonably infer the informant had gained his information in a reliable way. *Hicks,* 545 S.W.2d at 808; *see also Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The tip was corroborated by Self's independent knowledge and observation. *Illinois v. Gates,* 462 U.S. 213, 242, 103 S.Ct. 2317, 2334, 76 L.Ed.2d 527, 550–51 (1983); *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Before the incident leading to appellant's arrest, Detective Self had been informed by several sources that drug dealing went on at the residence. He knew appellant by name and what he looked like. He observed appellant leave the residence and enter his car at the time the informant had said he would. Appellant's companion was carrying the blue bag described by the informant. At the point of interception, every fact related by the informant had been verified except the presence of methamphetamine.

It was 6:15 a.m. when Self received the tip that appellant would be leaving at 7:00 or 7:30. To be assured of arriving at appellant's residence before his departure, Self had to arrive by 7:00, within 45 minutes of receiving the tip. During this time, he had to dress, contact his backup, and travel 15 to 20 minutes to reach appellant's resi-

dence. Detective Self was correct in his assumption that he could not also prepare a warrant, find a magistrate, and have him sign it in time to stop appellant. *Jones* 640 S.W.2d at 920.

Based on the facts as outlined above, we view appellant's initial detention as a justified investigative stop:

> Police officers are not required to shrug their shoulders and permit crime to occur or a criminal to escape.... [A] detention is justified if the law enforcement officer has specific, articulable facts, which in light of his experience and general knowledge, together with rational inferences from those facts would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation.
>
> Reasonable cause for an investigative stop can be based on information supplied by another person....

*Milton v. State,* 549 S.W.2d 190, 193 (Tex. Crim.App.1977) (citations omitted).

The officers were justified in searching the vehicle because they had probable cause, based on the informant's tip, to believe contraband would be found there. *Gomez v. State,* 470 S.W.2d 871, 873 (Tex. Crim.App.1971). Upon discovery of the methamphetamine, circumstances had clearly ripened into probable cause for arrest because the officers had witnessed a crime being committed in their presence. *Milton,* 549 S.W.2d at 194; *TEX.CODE CRIM.PROC.ANN. art. 14.01* (Vernon 1977).

■ Appellant argues there was no probable cause to arrest him because there was no evidence he participated in the offense— that is, no evidence connecting him with the contraband. Possession of drugs may be constructive rather than actual, may be established by circumstantial evidence, and may be joint. *Montoya v. United States,* 402 F.2d 847, 850 (5th Cir.1968); *Heltcel v. State,* 583 S.W.2d 791 (Tex.Crim.App. [Panel Op.] 1979). Detective Self testified the informant told him that "John Rice and another male by the name of Larry had in their possession approximately two ounces of ... methamphetamine, and ... that

'John, Larry and their old ladies, would be leaving at seven to seven-thirty that morning going to Houston to do a deal.'" The informant's tip indicated more than mere proximity to the drugs and gave Self probable cause to believe appellant was in joint possession.

We need not determine whether the methamphetamine and other items were also admissible under the *TEX.CODE CRIM.PROC.ANN. art. 14.04* (Vernon 1977) exception to the warrant requirement. *Milton,* 549 S.W.2d at 193. Appellant's first point of error is overruled.

Appellant asserts by his second point of error that he was denied effective assistance of counsel at trial. To demonstrate ineffective assistance of counsel, appellant must show (1) counsel's assistance was not reasonably effective and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Moore v. State,* 700 S.W.2d 193, 205 (Tex. Crim.App.1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, 698 (1984). Counsel's services are to be judged by the totality of the representation, and challenges will be sustained only if firmly founded. *Cude v. State,* 588 S.W.2d 895, 896 (Tex.Crim.App. [Panel Op.] 1979).

■ Appellant first complains under this point that the attorney appointed to represent him at trial delegated some of his trial duties to his partner without the express permission of the court or appellant. We find no criminal law authority on this issue. However, courts of law generally follow the proposition that an attorney may delegate authority with the consent of his or her client. 7 AM.JUR. 2d *Attorneys at Law* sec. 133 (1980); 7A C.J.S. *Attorney & Client* sec. 217 (1980); *Smith v. Lipscomb,* 13 Tex. 532, 536 (1855).

Appointed counsel in this case conducted the voir dire examination and closing argument during the guilt or innocence phase of the trial. His partner conducted much, if not all, of the examination of witnesses, as

well as closing argument in the punishment phase. During his opening statement, appellant's appointed counsel introduced himself and said, "The big white headed fellow that was sitting to my right before lunch, my partner ... will be assisting me some during the trial." We presume appellant was present when this statement was made. *TEX.CODE CRIM.PROC.ANN. art. 33.03* (Vernon Supp.1988).

There was no objection by appellant or anyone, at this point or at any time during the trial, to the unappointed partner's participation in the trial. From this we infer tacit approval by all parties involved, including the defendant and the trial judge. By permitting the attorney to conduct proceedings without challenging his or her authority promptly, the adverse party generally waives the want of authority and consents to the attorney's appearance. *Malcom v. State*, 628 S.W.2d 790 (Tex.Crim. App. [Panel Op.] 1982); *Smith*, 13 Tex. at 536; 7A C.J.S. *Attorney & Client* sec. 173 (1980).

Appellant argues further that the partner owed no duty to appellant since he was not appointed, retained or accepted as counsel, and he was egregiously harmed thereby.[1] Appellant seems to argue it is per se ineffective assistance of counsel for the unappointed partner of appointed counsel to participate in the accused's trial. He cites no authority for this proposition, and we find none. Even if it were true that counsel who is neither appointed nor retained owes no duty to a party he or she represents, which we certainly do not hold, any lack of duty would not of itself establish ineffective assistance per se. The quality of assistance, or lack thereof, must be established by trial counsel's conduct.

■ Appellant does point out specific instances he deems to be evidence of ineffective assistance. First, he complains trial counsel failed to request a hearing on the voluntariness of appellant's oral statements. In a pre-trial motion to suppress

appellant's statement, trial counsel challenged only the state's alleged noncompliance with *TEX.CODE CRIM.PROC.ANN. art. 38.22* (Vernon 1979 & Supp.1988), not the voluntariness of the statement itself. During trial, however, appellant's counsel attempted to show appellant confessed in order to procure release of his wife so she could return home to care for their children. When asked by the trial court why he had not brought the voluntariness issue up during the suppression hearing, counsel replied, "Because I really don't think that that would probably be enough to keep it out...." The jury charge included an instruction on the voluntariness issue. We will not second guess trial counsel in his decision to waive the pre-trial determination and present the issue for the first time to the jury. This falls within the realm of trial strategy. *Ewing v. State*, 549 S.W.2d 392, 395 (Tex.Crim.App.1977).

■ Appellant next complains trial counsel expressly forbade the state to amend the indictment to reduce appellant's charge of aggravated possession to the lesser included offense of possession of less than 28 grams so that "the State was allowed to parade the greater offense before the jury during opening statement despite the fact that the State had told prospective jurors on voir dire that Appellant was charged with possession of less than twenty-eight grams," thus minimizing the state's burden of proof. Trial counsel elicited testimony from an officer that after appellant's arrest and the seizure of the methamphetamine, narcotics were discovered missing from the evidence room. He also introduced evidence tending to show that the description of the narcotics as they were originally found did not precisely fit the description of the narcotics introduced at trial. During final argument, counsel implied the state had lost evidence in this case and replaced it with other evidence, hence the discrepancy between the weight of the drugs as

---

1. We disagree with appellant that the facts of this case are similar to those of *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed.2d 158 (1932). In that case, the Supreme Court found inadequate representation because the trial court's appointment of "all of the members of the bar," 77 L.Ed.2d at 163, was the equivalent of no appointment of counsel to assist the defendant in preparing for trial. We have no such sweeping appointment here.

charged in the indictment and the weight shown at trial. Trial counsel was clearly motivated by trial tactics. *Ewing,* 549 S.W.2d at 395.

■ Appellant also complains that trial counsel cross-examined a detective about whether, at the time of appellant's arrest, he had questioned appellant about "a missing emergency medical technician," which the detective denied. Appellant argues this line of questioning demonstrated "gross incompetence" because it implied to the jury that appellant was being investigated in the disappearance of the technician, an extraneous offense. From the context in which these questions were asked, it is apparent trial counsel sought to uncover evidence that appellant's oral confession was the product of custodial interrogation. Hence, they were asked as part of counsel's trial strategy. *Id.* at 395. At any rate, the answers to the questions were negative; so, no harm is shown.

■ Finally under this point, appellant points out several instances where trial counsel "failed to object to irrelevant and prejudicial information." Mere failure to object to questionable evidence or argument is not ineffective assistance of counsel, without more. While some counsel might have objected to some of the matters complained of here, we cannot, under guise of appellate review, judge an attorney by what another would have done or says he would have done in the better light of hindsight. *Lucas v. State,* 463 S.W.2d 200, 203 (Tex.Crim.App.1971); *Merx v. State,* 450 S.W.2d 658, 660 (Tex.Crim.App.1970). Appellant's second point of error is overruled.

In his third point of error, appellant complains of the following statement made by the state during its opening statement:

He will tell you on February 27th of 1986 that he gained some information, had a discussion, and here again is an area where you don't get to hear about the discussion or the information that he gained, you just get to hear about the results, what he actually did after that discussion.

Defense counsel did not object to the statement at trial. Appellant's argument that the statement was fundamental error is without merit; any error could have been corrected by an instruction to disregard. *See Anderson v. State,* 633 S.W.2d 851, 855 (Tex.Crim.App. [Panel Op.] 1982). Appellant's third point of error is overruled.

■ Appellant's fourth point of error attacks the introduction of alleged hearsay testimony from Officer Self regarding probable cause for the arrest. Although hearsay pertaining to probable cause is usually not admissible before a jury, appellant must object to its introduction or waive the error. *See Stearn v. State,* 487 S.W.2d 734, 735 (Tex.Crim.App.1972). *See also TEX.R.CRIM.EVID. 103(a)(1).* Appellant's fourth point of error is overruled.

■ Appellant complains by his fifth point of error that the trial judge erred in admitting, over appellant's objection, testimony by two officers that appellant had fresh needle marks on his arms shortly after arrest. Appellant contends the testimony called for direct rebuttal, either denying the existence of or giving a legitimate reason for the needle marks, in contravention of appellant's fifth amendment right not to testify at trial. Appellant also contends the testimony allowed the jury to speculate on matters not in evidence. Appellant did not object on either of these bases at trial, however, and thus, he did not preserve the error, if any. *TEX.R.CRIM. EVID. 103(a)(1).*

Appellant did preserve error for his argument that the prejudicial effect of the evidence of needle marks substantially outweighed their probative value. Appellant cites *Powell v. State,* 478 S.W.2d 95 (Tex. Crim.App.1972), in which the defendant was being prosecuted for theft of a lawnmower, yet the prosecution offered evidence of needle marks on defendant's arms. The relevance of the needle marks in that case was tenuous and clearly outweighed by the prejudicial effect. Such is not the case here; appellant was prosecuted for possession of a controlled substance which, according to testimony at

trial, could be used by injection. Appellant's fifth point of error is overruled.

In his sixth point of error, appellant complains fundamental error was committed when the state argued at the guilt or innocence phase as follows:

> What about the fresh track marks in his arms? Isn't that an indication that he was taking part in this possession? Certainly, absolutely. I mean, I didn't know that you get fresh track marks from just walking around, being close to a needle, the mere presence of one. No, not at all. You got to do something to get that needle mark.

Appellant did not object to the argument at trial. On appeal, he asserts the argument was fundamental error because it conveyed the prosecutor's personal belief that appellant was guilty. If the prosecutor's remark can be interpreted as an expression of his personal opinion of appellant's guilt, any error could have been corrected by an instruction to disregard. By failing to object and request such an instruction, appellant waived any error on appeal. *Ramos v. State*, 419 S.W.2d 359, 368 (Tex.Crim.App. 1967). Appellant's sixth point of error is overruled.

Appellant's seventh point of error complains the trial court erred by failing to grant a mistrial when a prosecution witness testified medical forceps are commonly used to hold marijuana cigarettes. A pair of medical forceps, found along with the methamphetamine in the purple bag confiscated at the time of appellant's arrest, was shown to the jury. Extraneous offenses are admissible to show the context in which the criminal act occurred. *Archer v. State*, 607 S.W.2d 539, 542 (Tex.Crim. App. [Panel Op.] 1980), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). Rarely will the prejudicial value render inadmissible any evidence showing the context of the offense. *Mann v. State*, 718 S.W.2d 741, 744 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. ——, 107 S.Ct. 1633, 95 L.Ed.2d 206 (1987). Appellant argues that because the trial court had previously warned the prosecutor to avoid "this very line of testimony," the trial court's instruc-

tion to disregard was insufficient to cure the alleged error. The trial court's prior admonition, however, was specifically directed toward testimony by a previous witness who had not been qualified as an expert on the specialized use of drug paraphernalia; it was not a blanket admonition against the line of questioning generally. Appellant's seventh point of error is overruled.

Finally, in his eighth point of error, appellant complains the following argument by the state during the punishment phase placed the jury in the shoes of the victim. "[W]here do you want these [packets of drugs] to end up in Montgomery County? ... What if one of these little packages wind up around your home somewhere?" Appellant's objection was sustained, and the jury was instructed to disregard the remark, but a motion for mistrial was denied. It is improper in argument for a prosecutor to attempt to intimidate jurors. *United States v. Cook*, 592 F.2d 877, 879 (5th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). The remark was not so inflammatory, however, that its prejudicial effect could not reasonably be removed by the trial court's admonition to disregard. *Id.; Thomas v. State*, 578 S.W.2d 691, 695 (Tex. Crim.App. [Panel Op.] 1979); *Chandler v. State*, 689 S.W.2d 332, 335 (Tex.App.—Fort Worth 1985, pet. ref'd). Appellant's eighth point of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.