**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Kenneth M. CRUMPLER,
Defendant-Appellee.**

No. 74–2193.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1975.

Anthony J. P. Farris, U. S. Atty., Charles F. Sandoval, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellant.

Thomas G. Sharpe, Jr., Brownsville, Tex., for defendant-appellee.

Before RIVES, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

The government appeals from an order suppressing as evidence contraband arms, seized by police officers who had entered defendant's premises without a warrant. The government asserts that the entry was valid because the officers suspected that a burglary of the premises was in progress, and that the subsequent seizure was valid under the plain view doctrine or the doctrine of exigent circumstances. The District Judge assumed, without deciding, that the entry was valid. He held that the government had failed to establish the plain view exception, it having failed to produce as a witness the officer who seized the particular items or any other officer who could identify them as having been in plain view. We agree. Nor does the record sustain the alternative theory that when officers took possession of the contraband, some of which was in closed boxes which they opened, and carried it to police headquarters, they were acting to safeguard the seized items from loss.

The notice of appeal, filed pursuant to 18 U.S.C. § 3731, did not contain the certificate required by that section nor was such a certificate filed within 30 days thereafter. We raised this matter on our own motion and a certificate then was filed. We agree with other circuits that failure to timely file the certificate is not jurisdictional. United States v. Kleve, 465 F.2d 187 (CA8, 1972) and United States v. Welsch, 446 F.2d 220 (CA10, 1971).

Affirmed.