The STATE of Texas, Appellant,

v.

Terry Joe BROWN, Appellee.

No. 3–92–366–CR.

Court of Appeals of Texas, Austin.

Dec. 9, 1992.

Lucy Del Prado Dietz, Asst. Crim. Dist. Atty., San Marcos, for appellant.

William M. Rugeley, San Marcos, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

The State seeks to appeal an order of the county court at law suppressing evidence. Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (West Supp.1992). The underlying offense is driving while intoxicated. Tex.Rev.Civ. Stat.Ann. art. 6701*l*–1 (West Supp.1992). We will dismiss the appeal.

The State is entitled to appeal an order granting a motion to suppress evidence "if jeopardy has not attached in the case." Art. 44.01(a)(5). Jeopardy attaches when a jury is impaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State,* 589 S.W.2d 455 (Tex.Crim.App.1979). The record reflects that a jury of six persons was impaneled before the court took up appellee's motion to suppress. While the record does not clearly reflect whether the panel had been sworn to try this cause, the prosecutor objected to the court considering the motion to suppress saying, "The State is

objecting to hearing this Motion To Suppress at this time. Jeopardy has already attached. We have a jury waiting to hear this case for the trial on the merits." In the absence of any basis for concluding that the prosecutor's statement was incorrect, we will accept as true her assertion that jeopardy had attached.

Article 44.01 further provides that the State is entitled to appeal an order granting a motion to suppress evidence "if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence ... is of substantial importance in the case." Art. 44.01(a)(5). "Prosecuting attorney" means the criminal district attorney and not does not include an assistant. Tex. Code Crim.Proc.Ann. art. 44.01(i) (West Supp.1992); *see State v. Muller*, 829 S.W.2d 805, 809 (Tex.Crim.App.1992). The criminal district attorney for Hays County did not certify that this appeal was not taken for the purpose of delay. Instead, the certification was signed by an assistant criminal district attorney.

The State is not entitled to appeal the court's order suppressing evidence in this cause for the reasons discussed. The appeal is dismissed.