IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-573-CR


AND


NO. 3-92-574-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





TODD M. LANE,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NOS. 37,151 & 37,152, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 Appellee was accused by information of driving while intoxicated and possessing
less than two ounces of marihuana. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993);
Tex. Health & Safety Code Ann. § 481.121 (West 1992). Appellee filed motions to suppress
evidence in both causes, challenging the legality of the traffic stop from which the evidence in
both causes was derived. After a hearing, the motions to suppress were granted on October 13,
1992. On October 21, the county court at law granted appellee's motions to dismiss each cause,
apparently without a hearing. On October 22, the State filed its notices of appeal. Tex. Code
Crim. Proc. Ann. art. 44.01(a)(1), (5) (West Supp. 1993). 

 The notices of appeal do not indicate whether the State appeals the orders
suppressing evidence, the orders dismissing the causes, or both. The State's points of error in
each cause, however, complain only of the granting of the motions to suppress. Under the
circumstances, this Court is not called upon to address the propriety of the orders of dismissal. (1)

 The State did not perfect its appeals from the orders granting the motions to
suppress evidence. The criminal district attorney for Hays County did not certify to the trial court
that the appeals were not taken for the purpose of delay and that the evidence in question is of
substantial importance to the State. State v. Brown, 843 S.W.2d 267 (Tex. App.--Austin 1992,
no pet.). 

 The appeals are dismissed.


[Before Justices Powers, Kidd and B. A. Smith]

Appeal Dismissed on Both Causes

Filed: April 21, 1993

[Do Not Publish]



1.   Were we to reach these orders, we would hold that the county court at law exceeded its
constitutional and statutory authority by dismissing these causes on appellee's motion. When a
motion to suppress evidence is granted, it is the responsibility of the prosecutor, not the trial
court, to determine whether further prosecution is sustainable. State v. Nolan, 808 S.W.2d 556,
560 (Tex. App.--Austin 1991, no pet.).