The STATE of Texas, Appellant,

v.

Carl Wayne JACKSON, Appellee.

No. 01–95–00330–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 8, 1996.

Jerome Aldrich, Brazoria, David Bosserman, Angleton, for appellant.

Charles D. Johnson, Houston, for appellee.

Before TAFT, ANDELL and PRICE [1], JJ.

## OPINION

TAFT, Justice.

Appellee, Carl Wayne Jackson, stands charged by indictment with possession of more than four ounces and less than five pounds of marihuana. The State brings an interlocutory appeal of the trial court's order granting appellee's motion to suppress evidence. We dismiss the appeal for lack of jurisdiction.

## Facts

On August 27, 1994, Department of Public Safety Trooper Marty Adams stopped appellee for speeding. Appellee had no driver's license, but did produce insurance papers in the name of Rhonda Vinson. When asked if he had further identification, appellee responded that he might have some in the glove compartment.

Trooper Adams became concerned that appellee might have a weapon in the car, so he directed appellee to stand 30 feet from the car while Adams searched it. The Trooper found marihuana in a paper sack in the back seat.

On February 7, 1995, appellee filed a motion to suppress evidence obtained by unlawful search and seizure. On March 16, 1995, the trial court heard appellee's motion and granted it. The State filed written notice of appeal on March 24, 1995.

## Threshold Issue

Appellee challenges the State's notice of appeal as inadequate to vest this Court with jurisdiction. Appellee contends that the State failed to certify the appeal was not sought for purposes of delay and that the evidence suppressed was of substantial importance in the case.

Tex.Code Crim.P.Ann. art. 44.01(a)(5) (Vernon Supp.1996) provides:

> The state is entitled to appeal an order of a court in a criminal case if the order grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the the case *and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.*

(Emphasis added.) The State's notice of appeal fails to include either of the two certifications required by the statute.

The Court of Criminal Appeals has strictly construed the statutory requirements of article 44.01, providing for the State's right to appeal. In *State v. Muller*, 829 S.W.2d 805 (Tex.Crim.App.1992), the requirement of subsection (d) that the prosecuting attorney make the appeal was strictly construed to apply only to the elected prosecutor. *Id.* at 811–12. A notice of appeal signed by someone other than the elected prosecutor was held to be a substantive defect which deprived the appellate court of jurisdiction. *Id.* at 812–13.

We similarly hold that the failure of the State's notice of appeal to contain the certifications required by article 44.01(a)(5) is a substantive defect which deprives this Court of jurisdiction.

Accordingly, we dismiss the State's appeal for want of jurisdiction.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.