**The STATE of Texas, Appellant,**

v.

**Nadine JANICEK, Appellee.**

**No. 03–95–00324–CR.**

Court of Appeals of Texas, Austin.

Feb. 21, 1996.

Hollis C. Lewis, Jr., County & District Attorney, Cameron, for appellant.

Don G. Humble, Humble & Humble, L.L.P., Cameron, for appellee.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

PER CURIAM.

The State appeals an order of the district court granting appellee's motion to suppress evidence. Tex.Code Crim.Proc.Ann. art. 44.01(a)(5). Because we conclude that the

State is not entitled to appeal the order, the appeal will be dismissed.

The State is entitled to appeal an order granting a motion to suppress evidence only "if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence ... is of substantial importance in the case." Art. 44.01(a)(5); *see State v. Brown*, 843 S.W.2d 267 (Tex.App.—Austin 1992, no pet.) (State not entitled to appeal suppression order where record showed that jeopardy had attached and where certification was not signed by prosecuting attorney). Furthermore, a prosecuting attorney may not "make an appeal" from an order suppressing evidence later than the fifteenth day after the order is "entered." Art. 44.01(d); *see State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim.App. 1992); *State v. Demaret*, 764 S.W.2d 857, 858 (Tex.App.—Austin 1989, no pet.) (article 44.01(d) is substantive limitation on State's right to appeal); *see also State v. Rosenbaum*, 818 S.W.2d 398, 402–03 (Tex.Crim. App.1991) (timetable for State appeals begins on date order is signed).

In this cause, the order suppressing evidence was signed on May 22, 1995. The State's notice of appeal, signed by the elected prosecuting attorney, was filed on May 30. The Clerk of this Court received the transcript on June 2. On that date, the Clerk sent notice to the parties that the transcript did not contain the prosecuting attorney's certification. On June 9, eighteen days after the suppression order was signed, the prosecuting attorney filed his article 44.01(a)(5) certification.

The prosecuting attorney did not, within the fifteen days allowed for "making" an appeal from a suppression order, certify to the trial court that this appeal was not taken for the purpose of delay and that the evidence suppressed was of substantial importance. As a consequence, the State is not entitled to appeal the order suppressing evidence.

The appeal is dismissed.