The STATE of Texas, Appellant,

v.

Payton Chris McCRAY, Appellee.

No. 06–98–00060–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 19, 1998.

Decided Dec. 28, 1998.

Discretionary Review Refused
April 28, 1999.

Angela Rene Smoak, Asst. Dist. Atty., Longview, for appellant.

David E. Moore, Ebb B. Mobley, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

The State appeals from a trial court order granting Payton Chris McCray's motion to suppress evidence in his trial for driving while intoxicated. McCray filed a motion to suppress all evidence stemming from his arrest and detention, contending that there was no probable cause for his warrantless search and arrest. The trial court ordered the evidence suppressed. We reverse the judgment of the trial court.

On November 15, 1997, McCray failed to dim the bright lights on his automobile as he passed a Longview police officer. The police officer flashed his bright lights, and McCray still failed to dim his lights. The police officer stopped McCray. During the detention, the police officer smelled a strong odor of alcohol on McCray's breath. The officer administered field sobriety tests to McCray and then arrested him for driving while intoxicated.

McCray filed a pretrial motion to suppress all evidence obtained as a result of his stop and arrest. During the hearing on the motion to suppress, the police officer testified that he did not see McCray commit any violation other than his failure to dim his headlights. The State produced evidence that the failure to dim headlights to oncoming traffic is a violation of the Transportation Code. McCray did not call any witnesses at the hearing. The trial court found that the police officer had insufficient probable cause to stop McCray and granted the motion to suppress.

The State filed a notice of appeal on February 12, 1998, nine days after the hearing on the motion to suppress. The notice of appeal stated the ground for the appeal as "the trial court's order sentencing the defendant in the above-captioned cause." Additionally, the notice of appeal failed to include either a certification that the appeal was not taken for the purposes of delay or that the suppressed evidence was of substantial importance in the case. On March 31, 1998, the clerk of this Court notified the State that its notice of appeal did not "properly indicate what the appeal has derived from." The clerk requested the State to file an amended notice of appeal pursuant to TEX.R.APP. P. 25.2(d).[1] On April 29, 1998, the State filed its amended notice of appeal to include the proper grounds for the appeal. The amended notice of appeal also contained a proper certification.

■■■ The first issue to address is whether we have jurisdiction to consider this case on its merits. A threshold question in any case is whether we have jurisdiction to resolve the pending controversy. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). McCray contends in his cross-point that the State failed to give a proper notice of appeal and as a result we must dismiss the appeal for want of jurisdiction. Specifically, McCray argues that under TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.1999),[2]

---

1. TEX.R.APP. P. 25.2(d) provides:

   An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

2. TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.1999) provides:

   (a) The state is entitled to appeal an order of a court in a criminal case if the order:

   (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

   (2) arrests or modifies a judgment;

   (3) grants a new trial;

   (4) sustains a claim of former jeopardy; or

   (5) grants a motion to suppress evidence, a confession, or an admission, in the case and if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

   (b) The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

   (c) The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.

   (d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this

the State's notice of appeal must state the correct grounds for appeal, must contain a proper certification by the prosecuting attorney, and must be filed within fifteen days of the order granting the motion to suppress. McCray contends that the State's first notice of appeal was insufficient because it failed to state the correct grounds for the appeal and did not contain a proper certification. He also argues that the State's amended notice of appeal did not cure the defects because it was filed outside the fifteen-day period.

Article 44.01 of the Texas Code of Criminal Procedure is the statute that authorizes the State to appeal from certain rulings by a trial court. Under Article 44.01(a)(5), the State may appeal an order of the trial court granting a motion to suppress evidence if jeopardy has not attached, the prosecuting attorney certifies the appeal is not taken for purposes of delay, and the evidence is of substantial importance. Article 44.01(d) provides that the prosecuting attorney may not make an appeal under Subsection (a) later than the fifteenth day after the trial court signs the order.

The State's first notice of appeal contains two defects: the prosecuting attorney did not comply with the certification requirement and the grounds for the appeal were incorrectly stated. Texas Rules of Appellate Procedure 25.2(d) and 44.3 allow a party a reasonable time to correct or amend defects in appellate procedure. TEX.R.APP. P. 25.2(d), 44.3. However, the Texas Court of Criminal Appeals has held that the Rules of Appellate Procedure cannot enlarge the substantive rights of the litigants. *State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim.App.1992). In *Muller*, the court held that under Article 44.01 the State can perfect an appeal only if (1) the notice of appeal is filed within fifteen days, and (2) the notice of appeal is "made" (i.e., signed or personally authorized) by the prosecuting attorney. The *Muller* court held that the requirement that the prosecuting attorney sign or personally authorize the notice of appeal is one that cannot be amended after the fifteenth day. Here, the State filed the notice of appeal within fifteen days of the court's order, and the prosecuting attorney signed it.

The Court of Criminal Appeals has not explicitly decided whether the State can amend the notice of appeal to include the proper grounds for appeal and the certification. *See State v. Brown*, 929 S.W.2d 588, 589 (Tex.App.-Corpus Christi 1996, pet. ref'd). To determine this question, we look to the legislative history of Article 44.01.

▉ When the Legislature adopted Article 44.01, it made clear its intent to afford the State the same appellate powers afforded to the federal government under 18 U.S.C.A. § 3731 (West Supp.1998). *State v. Roberts*, 940 S.W.2d at 659; *State v. Moreno*, 807 S.W.2d 327, 332 (Tex.Crim.App.1991); *State v. Brown*, 929 S.W.2d at 589. Included in 18 U.S.C.A § 3731 is a nearly identical certifica-

article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

(e) The state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article.

(f) The court of appeals shall give precedence in its docket to an appeal filed under Subsection (a) or (b) of this article. The state shall pay all costs of appeal under Subsection (a) or (b) of this article, other than the cost of attorney's fees for the defendant.

(g) If the state appeals pursuant to this article and the defendant is on bail, he shall be permitted to remain at large on the existing bail. If the defendant is in custody, he is entitled to reasonable bail, as provided by law, unless the appeal is from an order which would terminate the prosecution, in which event the defendant is entitled to release on personal bond.

(h) The Texas Rules of Appellate Procedure apply to a petition by the state to the Court of Criminal Appeals for review of a decision of a court of appeals in a criminal case.

(i) In this article, "prosecuting attorney" means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney.

(j) Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code.

tion requirement[3] as that found in Article 44.01. *State v. Brown*, 929 S.W.2d at 589. The generally accepted rule of statutory construction is that when the Legislature adopts a "foreign" statute, it also adopts the foreign construction of that statute. *State v. Moreno*, 807 S.W.2d at 332.

The federal circuit courts of appeals have consistently held that the government's failure to timely file a certification in its notice of appeal does not deprive the reviewing court of the power to render a judgment in the appeal. *United States v. Carrillo–Bernal*, 58 F.3d 1490, 1492 (10th Cir.1995); *United States v. Miller*, 952 F.2d 866, 875 (5th Cir.1992); *United States v. Crumpler*, 507 F.2d 624 (5th Cir.1975); *State v. Brown*, 929 S.W.2d at 589. In *Carrillo–Bernal*, the Tenth Circuit held that a reviewing court may exercise its discretion to dismiss the appeal when the certification is not timely filed, but the failure to timely file a certification is not an automatic bar to rendering judgment in a case. *United States v. Carrillo–Bernal*, 58 F.3d at 1492–97; *State v. Brown*, 929 S.W.2d at 589.

█ Following the persuasive authority of the federal cases, we hold that the lack of a certification and the failure to state the proper grounds in the State's notice of appeal do not prevent us from considering and deciding the State's appeal. The certification requirement is not a substantive requirement that cannot be amended after the fifteen-day deadline. As long as the State makes a certification to this Court that its appeal is not for the purpose of delay and is meritorious, the State's appeal should not be dismissed because of an untimely certification. Here, the State was notified that its notice of appeal lacked certification, and it timely amended its notice to include the verification. If the State had never amended its notice of appeal to include a certification, the situation would be different. *State v. Jackson*, 916

S.W.2d 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.). But we conclude that the State's amendment here cured the defect and retains jurisdiction in this Court.

█ Likewise, incorrectly stating the grounds for appeal should not deprive the State of perfecting an appeal. Rules 25.2(d) and 44.3 of the Rules of Appellate Procedure allow parties to amend or correct defects in procedure within a reasonable time. The State's error was procedural in nature and was subject to correction. Article 44.01 of the Texas Code of Criminal Procedure does not require that the State's notice of appeal specifically state the grounds for appeal. The only mandatory language in Article 44.01 is that which the Court of Criminal Appeals found in *Muller*, that the State file the notice within fifteen days and that the prosecuting attorney personally sign or authorize the appeal. *State v. Muller*, 829 S.W.2d at 812.

It is apparent from the record that the State used the wrong form for its notice of appeal. The State's first notice of appeal stated that it was appealing from the trial court's order sentencing the defendant. No order existed sentencing McCray because he had not been tried. The only order from which the State could have appealed is the pretrial order granting the motion to suppress. This is not a case where the State is seeking to amend its notice of appeal to add additional points of error or attack other rulings of the trial court. The State merely asserted the incorrect grounds and amended the notice of appeal after the mistake was brought to its attention. Jurisdiction should not be lost in this case due to a clerical error. Accordingly, we hold that the State is allowed to amend its notice of appeal. TEX. R.APP. P. 25.2(d), 44.3.

The Austin Court of Appeals has ruled differently on this matter. In *State v. Janicek*, the State filed its notice of appeal from a

---

**3.** The relevant portion of Section 3731 provides:
An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or

information, *if the United States attorney certifies to the district court that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of fact material in the proceeding.*
18 U.S.C.A. § 3731 (West Supp.1998) (emphasis added).

trial court order granting a motion to suppress. *State v. Janicek*, 917 S.W.2d 127, 128 (Tex.App.-Austin 1996, no pet.). The clerk of the court of appeals sent a letter to the State indicating that its notice of appeal lacked a proper certification. The State amended its notice eighteen days after the trial court's order. The court held that the State was not entitled to an appeal if the certification was not filed within fifteen days of the trial court's order. Following the reasoning in *Muller*, the Austin Court of Appeals determined that the certification requirement is like the requirement that the prosecuting attorney sign or personally authorize the notice of appeal. *Id.*

The Austin court, however, did not discuss the federal statute or the construction the federal courts have placed on the certification requirement. *See id.; see also State v. Brown*, 929 S.W.2d at 589. It appears that the court in *Janicek* did not fully consider the legislative history of Article 44.01. We will look to the federal statute and its interpretation to construe Article 44.01, as the Court of Criminal Appeals has done. *State v. Roberts*, 940 S.W.2d at 659; *State v. Moreno*, 807 S.W.2d at 332; *State v. Brown*, 929 S.W.2d at 589. The federal cases hold that an untimely certification does not deprive the appellate court of jurisdiction. We believe this is the correct view. *United States v. Carrillo–Bernal*, 58 F.3d at 1492; *United States v. Miller*, 952 F.2d at 875; *United States v. Crumpler*, 507 F.2d at 624.

■ The State's only point of error contends that the trial court erred by granting McCray's motion to suppress. Specifically, the State argues that the police officer lawfully stopped and detained McCray for a violation of the Transportation Code. The State contends that the trial court found McCray's violation of the Transportation Code was not sufficient to justify his detention. If the trial court finds that McCray violated the Transportation Code, the State argues, the police may lawfully detain him.

McCray argues that this Court should give great deference to the trial court's determination of historical facts, especially when the findings are based on an evaluation of the credibility and demeanor of witnesses. He contends that it is possible the trial court did not believe the police officer's testimony, and thus granted the motion to suppress.

It is clear from the ruling of the trial court that McCray violated the Transportation Code,[4] but the trial court found that the violation was not sufficient to justify the stop.

■ An officer may lawfully stop and detain a person for a traffic violation. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App.1993). The failure to dim the headlights of an automobile to oncoming traffic is a violation of Section 547.333 of the Texas Transportation Code.[5] TEX. TRANSP. CODE ANN. § 547.333 (Vernon Pamph.1999). Courts have held that the failure to dim one's headlights to oncoming traffic, standing alone, justifies the stop and detention of a motorist. *Gutierrez v. State*, 422 S.W.2d 467, 468–69 (Tex.Crim.App.1968). Once a police officer makes a bona fide stop or arrest for a traffic offense, he may make an additional arrest for any other offense unexpectedly

---

4. In ruling that McCray's violation did not justify the stop, the trial court stated,

> Based on the testimony that I've heard here today, I have mixed emotions. But I also have a problem with probable cause. The testimony I received today and not arising out of anything observed, not dimming your lights is a common thing from a lot of folks. I fail to see where the State has established probable cause.

5. The relevant portion of Section 547.333 of the Texas Transportation Code provides:

> (c) A person who operates a vehicle on a roadway or shoulder shall select a distribution of light or composite beam that is aimed and emits light sufficient to reveal a person or vehicle at a safe distance ahead of the vehicle, except that:
> (1) an operator approaching an oncoming vehicle within 500 feet shall select:
> (A) the lowermost distribution of light or composite beam, regardless of road contour or condition of loading; or
> (B) a distribution aimed so that no part of the high-intensity portion of the lamp projects into the eyes of an approaching vehicle operator; and
> (2) an operator approaching a vehicle from the rear within 300 feet may not select the uppermost distribution of light.
>
> TEX. TRANSP. CODE ANN. § 547.333(c) (Vernon Pamph.1999).

discovered while investigating or questioning the motorist. *Hernandez v. State,* 867 S.W.2d 900, 907 (Tex.App.-Texarkana 1993, no pet.).

Sufficient probable cause existed to justify McCray's stop. Through its ruling, the trial court found that McCray had committed a violation of the Transportation Code. However, the trial court erred when it ruled that McCray's violation did not justify his stop.

We find that the trial court erred in granting McCray's motion to suppress. Therefore, we reverse the trial court's judgment and remand the cause for trial.