In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00113-CR
______________________________


ALVIN GERARD PIPER, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 28844-A


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Alvin Gerard Piper appeals from his conviction on his guilty plea for possession with intent
to deliver between four and 200 grams of cocaine, and his sentence of twenty-five years'
imprisonment. Piper complains that, at the pretrial hearing, the trial court improperly ruled that the
search of the vehicle was proper and also argues that his trial counsel was ineffective. We affirm
the judgment of the trial court.Â 
Â Â Â Â Â Â Â Â Â Â Â Â The evidence shows that Piper was a passenger in a car driven by Robert Taylor and owned
by Robert and Lynrell Taylor. Robert Taylor was stopped for a traffic violation. The officer asked
Taylor for his driver's license. Taylor produced Piper's license, and then could not produce a valid
license. While questioning both of them, the officer saw cigar tobacco on the floor of the car, with
bits of the wrapping. He thought it likely they had hollowed out a cigar to stuff with marihuana,
making a "blunt." The officer asked permission to search. Taylor refused. The officer walked his
drug dog around the car. The dog alerted. The officers searched the car and found a brick of
marihuana in a cooler and a kilogram of cocaine under the passenger's seat. 
Â Â Â Â Â Â Â Â Â Â Â Â Both occupants were arrested, and when searched at the jail, officers found fifty-six grams
of cocaine on Piper's person. Although Piper was originally charged with possession of the kilogram
of cocaine, the State proceeded only on the lesser amount, and Piper was convicted for possession
of the cocaine found on his person.
Motion to Suppress
Â Â Â Â Â Â Â Â Â Â Â Â At a suppression hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses, and our review of the ruling is limited to a determination of whether the
trial court abused its discretion. The general rule is that an appellate court should afford almost total
deference to a trial court's determination of the historical facts that the record supports, especially
when the trial court's fact-findings are based on an evaluation of credibility and demeanor. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We are also to afford such deference to a trial
court's ruling on the "application of law to fact questions," also known as "mixed questions of law
and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. However, where the underlying facts are undisputed, mixed questions of law and fact
must now be reviewed de novo. Hernandez v. State, 957 S.W.2d 851 (Tex. Crim. App. 1998); see
Guzman, 955 S.W.2d at 87, 89.
Â Â Â Â Â Â Â Â Â Â Â Â Piper argues that the trial court abused its discretion by finding the search of the car to be
lawful. He reasons that, if the officer had not searched the car, then he would not have been
arrestedâand searchedâand thus, the cocaine on his person would never have been discovered. 
A similar situation was discussed by the Texas Court of Criminal Appeals in Hughes v. State, 24
S.W.3d 833, 838 (Tex. Crim. App. 2000). In that opinion, the court recognized that, in a situation
where a passenger was arrested, 
regardless whether appellant's arrest was illegal, he cannot claim a violation of any
legitimate, reasonable expectation of privacy as a result of the search and seizure of
the vehicle or its other occupants. "A person who is aggrieved by an illegal search
and seizure only through the introduction of damaging evidence secured by a search
of a third person's premises or property has not had any of his Fourth Amendment
rights infringed." Rakas v. Illinois, 439 U.S. 128, 99 S. Ct. 421, 425, 58 L.Ed.2d 387
(1978). See also Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985). 

Id. As in Hughes, in this case, Piper claims no possessory interest in the vehicle itself or in those
items seized from within it. With regard to those items, Piper endured no infringement of any right
ensuring freedom from unreasonable searches and seizures. Accordingly, he had no standing to
complain about the search of the vehicle. See Freeman v. State, 62 S.W.3d 883, 889 (Tex.
App.âTexarkana 2001, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â Piper further complains of his arrest and the admission of evidence found on his person. 
Again, as in Hughes, the facts surrounding his arrest show police were justified in conducting a
warrantless arrest and, therefore, those items were admissible as evidence. As a general rule, police
officers must obtain an arrest warrant before taking someone into custody. Dejarnette v. State, 732
S.W.2d 346, 349 (Tex. Crim. App. 1987). However, statutory exceptions do exist and, in the case
at bar, circumstances demonstrate that the justification to arrest without a warrant arose from Article
14.01(b). Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977).
Â Â Â Â Â Â Â Â Â Â Â Â Article 14.01(b) provides that a peace officer may arrest an individual without an arrest
warrant for any offense committed in the presence or view of the officer. This is true no matter how
trivial the offense. State v. McCray, 986 S.W.2d 259, 264 (Tex. App.âTexarkana 1998, pet. ref'd)
(arrest upheld for failure to dim headlights of an automobile to oncoming traffic in violation of
Section 547.333 of the Texas Transportation Code). As we have previously held, Piper had no
standing to object to the search of Taylor's vehicle. The search of the vehicle revealed that it
contained a kilogram of cocaine underneath the passenger's seat and a cooler containing a brick of
marihuana located in the back seat. The United States Supreme Court has recently held that the
occupants of a vehicle may be arrested when narcotics are discovered within the common areas of
the vehicle. Maryland v. Pringle, ___ U.S. ___, 157 L.Ed.2d 769 (2003). Piper was arrested under
circumstances which reasonably showed he was guilty of the felony offense of possession of a
controlled substance. The officer was authorized to arrest Piper without a warrant because the
possession of the drugs in the vehicle and underneath Piper's seat were personally observed. See
Hennessey v. State, 732 S.W.2d 387, 390 (Tex. App.âHouston [14th Dist.] 1987, pet. ref'd). This
provided the authority to arrest Piper without a warrant because the discovery of the drugs was
probable cause for the arrest. See McGee v. State, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003);
Rice v. State, 753 S.W.2d 726, 729 (Tex. App.âBeaumont 1998, pet. ref'd). After Piper was
lawfully arrested, he was properly subject to a search incident to the arrest. See McGee, 105 S.W.3d
at 615.
Reasonable Suspicion for Detention
Â Â Â Â Â Â Â Â Â Â Â Â Piper also argues that the evidence was insufficient to show the officer had the probable
cause necessary to detain the driver beyond the time it took him to complete his investigation of the
traffic violation. The only evidence concerning the length of time of the stop was that about twenty
minutes elapsed between the traffic stop and the discovery of the contraband.
Â Â Â Â Â Â Â Â Â Â Â Â A traffic stop is treated as being a Fourth Amendment seizure analogous to a temporary
detention. Berkemer v. McCarty, 468 U.S. 420, 439 (1984). The detention may last no longer than
is necessary to effectuate the purpose of the stop. Florida v. Royer, 460 U.S. 491, 500 (1983). A
detention becomes unreasonable when it is not reasonably related in scope to the circumstances
which justified the detention in the first place. Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim.
App. 1997); State v. Daly, 35 S.W.3d 237, 241 (Tex. App.âAustin 2000, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â If the detention is prolonged, it can no longer be considered an investigative stop; but there
is no rigid or specific time limitation on the permissible length of an investigative stop. The question
is fact-intensive, and the propriety of the stop's duration is judged by assessing whether the police
diligently pursued a means of investigation that was likely to quickly dispel or confirm their
suspicions. United States v. Sharpe, 470 U.S. 675, 686 (1985). That extended time of detention
must be justified by articulable facts which, taken together with rational inferences from those facts,
would warrant a person of reasonable caution in the belief that a continued detention was justified,
i.e., the detainee was or would soon be engaged in criminal activity. Davis, 947 S.W.2d at 244â45;
Herrera v. State, 80 S.W.3d 283, 288 (Tex. App.âTexarkana 2002, pet. ref'd). In other words, once
the purpose of the original detention has been effectuated, any continued detention must be
supported by some additional reasonable suspicion, that is, something out of the ordinary is
occurring and there is some indication the unusual circumstance is related to a crime. See Davis, 947
S.W.2d at 244â45; Herrera, 80 S.W.3d at 288.
Â Â Â Â Â Â Â Â Â Â Â Â In this case, the officer testified that Taylor attempted to identify himself using Piper's driver's
license and that Taylor had no license of his own. The officer also testified that, while he was
talking to Piper, he saw cigar wrappings and cigar tobacco on the floor of the carâitems typical of
usage of marihuana in making a "blunt." At this time, the officer allowed his drug dog to sniff
around the vehicle to detect drugs. We believe this action was authorized. A sniff of the outside of
an automobile by a trained canine is not a search within the meaning of the Fourth Amendment. See
United States v. Place, 462 U.S. 696, 707 (1983); Crockett v. State, 803 S.W.2d 308, 310 n.5 (Tex.
Crim. App. 1991); Ortiz v. State, 930 S.W.2d 849, 856 (Tex. App.âTyler 1996, no pet.). This is
because the exterior or open-air dog sniff is much less intrusive than a typical search and only
discloses the presence or absence of narcotics. See Crockett, 803 S.W.2d at 311. The temporary
detention of an automobile to allow an olfactory inspection by a police dog trained to detect the odor
of illegal drugs is not offensive to the Fourth Amendment when based on a reasonable suspicion that
the automobile contains narcotics. See id. The additional questioning extending the length of the
detention was reasonable, considering the attempt of Taylor to use a false identification and his
inability (or unwillingness) to produce his own identification, and the discovery of the "blunt"
remains. The dog alert followed in quick succession. Under these facts, we find that the trial court
could properly conclude the continued detention was justified by reasonable suspicion of criminal
activity. Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.âFort Worth 1998, no pet.). The
contention of error is overruled.
Ineffective Assistance of Counsel
Â Â Â Â Â Â Â Â Â Â Â Â The standard of testing claims of ineffective assistance of counsel was set out in Strickland
v. Washington, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that counsel's representation fell below an objective standard of
reasonableness and (2) that the deficient performance prejudiced the defense. Strickland, 466 U.S.
668; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant
must prove that the attorney's representation fell below the standard of prevailing professional norms
and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial
would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this
standard, a claimant must prove that counsel's representation so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having produced a just result. 
Strickland, 466 U.S. at 686. 
Â Â Â Â Â Â Â Â Â Â Â Â In this case, Piper contends counsel was ineffective because he did not attempt to subject the
videotape of the stop to "meaningful adversarial testing." Piper argues that trial counsel should have
objected to the tape because, when it became apparent that the tape was not an original and that it
had the initials of another officer on the box, counsel nevertheless did not object and require the
officer to verify the authenticity of the copy. 
Â Â Â Â Â Â Â Â Â Â Â Â There is, however, nothing in the record to show that the videotape did not accurately portray
the events of the scene of the search or that such an objection would have had any likelihood of being
sustained. Accordingly, we cannot find that counsel was deficient by failing to object.
Â Â Â Â Â Â Â Â Â Â Â Â Piper also argues that trial counsel was ineffective because he did not argue to the trial court
that Piper's seizure as a result of the traffic stop gave him standing to seek suppression. We have
addressed that matter above. There is no evidence to show that Piper did have standing to seek to
suppress the items discovered as a result of the traffic stop, and counsel did not render inadequate
assistance by failing to raise an argument that cannot prevail. 
Â Â Â Â Â Â Â Â Â Â Â Â Piper finally complains because trial counsel did not object to hearsay statements. 
Specifically, he complains about statements that were repeated by the testifying officer attributed to
the other officer at the arrest site and to the jail personnel who processed Piper. He also complains
because counsel did not object to leading questions asked of the officer to elicit information about
the existence of a trail car (apparently there was not one), and about the State's prompting of the
officer to recount the events immediately following the stop: checking drivers' licenses and
obtaining identities.
Â Â Â Â Â Â Â Â Â Â Â Â However, the Texas Rules of Evidence, except with respect to privileges, do not apply when
the determination of questions of fact preliminary to admissibility of evidence when the issue is to
be determined by the court under Rule 104. Tex. R. Evid. 101(d)(1)(A). Rule 104 states that
"[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the
court . . . . In making its determination the court is not bound by the rules of evidence except those
with respect to privileges." Tex. R. Evid. 104(a).
Â Â Â Â Â Â Â Â Â Â Â Â Suppression hearings involve the determination of preliminary questions concerning the
admissibility of evidence. Therefore, the Texas Rules of Evidence, with the exception of privileges,
do not apply to suppression hearings. Granados v. State, 85 S.W.3d 217, 227 (Tex. Crim. App.
2002). The hearsay objections would have been fruitless. Counsel was therefore not ineffective in
failing to object.
Â Â Â Â Â Â Â Â Â Â Â Â The other complained-of questions by the State were arguably leading in nature. Even if they
were, however, for the reason stated above, leading questions are not objectionable in this context. 
Tex. R. Evid. 104(a), 611(c). 
Â Â Â Â Â Â Â Â Â Â Â Â Piper finally complains because counsel did not more rigorously question the officer about
the specifics of the lane change and failure to signal. However, inasmuch as counsel has failed to
show or suggest what the officer's testimony would have been, and inasmuch as our record does not
contain the reason why trial counsel did not ask further questions, Piper has failed to show that his
counsel was ineffective for failing to ask further questions and has failed to show that, if his counsel
had asked more questions, the result of his trial would have been different. See Davis v. State, 119
S.W.3d 359, 370 (Tex. App.âWaco 2003, pet. ref'd). The contention of error is overruled.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â July 14, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 25, 2004

Do Not Publish




so 9]>
 










 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00144-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ELIJAH WATSON,
JR., Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 427th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Travis County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court No. D-1-DC-10-200398

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Elijah
Watson, Jr.,[1]
appellant, has filed with this Court a motion to dismiss his appeal.[2]Â  The motion is signed by Watson and by his
counsel in compliance with Rule 42.2(a) of the Texas Rules of Appellate
Procedure.Â  See Tex. R. App. P.
42.2(a).Â  As authorized by Rule 42.2, we
grant the motion.Â  See Tex. R. App. P.
42.2.

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
we dismiss the appeal.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  December 6, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  December 7, 2011

Â 

Do
Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â 











[1]The
trial courtÂs judgment lists the appellantÂs name as ÂElijah WatsonÂ; however,
the appellant signs his name ÂElijah Watson, Jr.Â 

Â 





[2]Originally
appealed to the Fifth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts.Â  See
Tex. GovÂt
Code Ann. Â§ 73.001 (West 2005).