**Opinion issued October 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-01069-CR

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**DAVID SHAWN CHAPA, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12CR0527**

---

## MEMORANDUM OPINION

Appellee, David Shawn Chapa, stands charged by indictment with the offense of driving while intoxicated.[1]  The State perfected an interlocutory appeal

---

[1]     *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (Vernon Supp. 2014).

from the trial court's order granting appellee's motion to suppress evidence.[2] After the record was filed, the State filed a motion to dismiss its appeal on the ground that this Court lacks jurisdiction to hear the appeal.[3] No opinion has issued. *See* TEX. R. APP. P. 42.2.

We grant the State's motion and dismiss the appeal for lack of jurisdiction. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2014) (providing for State's appeal from order granting motion to suppress evidence "if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence . . . is of substantial importance").

[3] *See* TEX. R. APP. P. 42.2; *State v. Redus*, —S.W.3d—, Nos. PD-0067-14, PD-0069-14, 2014 WL 4996396, at *3–4 (Tex. Crim. App. Oct. 8, 2014) (holding omission of certifications required by article 44.01(a)(5) constitutes substantive defect that deprives appellate court of jurisdiction); *State v. Jackson*, 916 S.W.2d 93, 94 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (same).